May it please the court, my name is Nathan Bogart and I'm here on behalf of the petitioners Mario Mejia-Lopez and his family, Sylvia, Malin, Eric, and Luis. As the court is no doubt aware, this family came to the United States from Guatemala following a situation in their home country where their oldest daughter, 13-year-old Malin, was raped. After they reported this rape to the authorities and the individual who they accused of having committed the rape was arrested, they were attacked by armed men and threatened to withdraw the allegations. So rather than move forward, they came to the United States and they applied for asylum. Now because they entered the United States without valid documentation, they were referred to an immigration judge and the immigration judge was the individual who adjudicated their asylum application. Before the immigration judge, they requested asylum based on, I believe, three distinct particular social groups as well as a political opinion. The immigration judge made a request by counsel at the time for humanitarian asylum. Counsel at the time appealed to the Board of Immigration Appeals and the board dismissed the appeal on more or less the same grounds as the immigration judge. However, it should be noted for the record that only one of the particular social groups was before the Board of Immigration Appeals at the time they were arguing in front of the board. As the court is no doubt aware, asylum is a discretionary form of relief that is given to those non-citizens who meet the definition of refugees. The definition of a refugee is any non-citizen who is unable to return to his or her country of origin due to a well-founded fear of persecution based on one of five statutorily protected grounds. Counsel, the government is just going to give you plenty of time to address it. The government is of the view that your case lacks jurisdiction here, either in complete lack of subject matter jurisdiction or a case handling type of lack of jurisdiction for non-exhaustion by not raising the specific issue you intend to raise before this court. What's your response? Yes, absolutely, Your Honor. The government is correct to a certain point in the sense that 8 U.S.C. 1252 does require that we have exhausted all administrative remedies before this court has jurisdiction. However, I would also state that that includes a necessity of raising all issues. Where we disagree with the government, Your Honor, is that the government argues that the petitioners acknowledged that past persecution was a prerequisite for humanitarian asylum. We actually believe that the administrative record reflects, specifically on pages 30 and page 167, that the petitioners both in front of the immigration judge and in front of the Board of Immigration Appeals argued that humanitarian asylum does not require the prerequisite of demonstrating past persecution. Specifically on page 30 of the administrative record, counsel argued that even if the BIA does not find an access to a recognized protected ground, the board can find other reasons harm will be suffered. And on page 167, counsel stated that I think the court, notwithstanding a lack of a particular social group, can find humanitarian asylum. So we actually do believe that these issues were raised before both the immigration judge and the Board of Immigration Appeals. Would you recite from again? I didn't get my pen moving fast enough. That's okay, Your Honor. It's page 30 of the administrative record and also page 167 of the administrative record. Now it's possible, and I think that one of the reasons the government made this argument is that in addressing humanitarian asylum, they did not fully cite to the applicable regulations and they did not fully cite to all of the applicable Eighth Circuit and Board of Immigration Appeals decisions, but they did raise the issues nonetheless. And so we would argue that they did in fact exhaust. Thank you. So our argument, Your Honor, follows exactly the argument that was made before the board and the immigration judge that humanitarian asylum does not require the prerequisite of demonstrating past persecution on account of one of these five statutorily protected grounds, which of course would be race, religion, nationality, membership in a particular social group, or political opinion. Now in the statutorily available version of asylum, humanitarian asylum is established by regulation. Past future persecution. And where, and now that presumption is rebuttable if the Department of Homeland Security is able to establish that there has been a change in country conditions such that the individual could seek protection in their home country or if they are able to demonstrate the ability of the non-citizen to relocate within his or her country. And I think this point is important as we get to the regulation and start discussing the differences between past persecution and a well-founded fear of future persecution. So you're asking us to support future persecution, is that right? More or less, Your Honor, yes. I think that there's room in the regulation to look at other serious harm that could be was that this family was eligible for asylum based on membership in three different particular social groups and a political opinion for having reported a crime to the police. By the time I got up to the Board of Immigration Appeals, only one of those particular social groups was left. And the attorney for the petitioners at the time argued both that they had suffered past persecution and also that they would be eligible for humanitarian asylum. Humanitarian asylum is a regulatory form of relief that's also like statutory asylum is discretionary. And that's in Title VIII of the Code of Federal Regulations, Section 1208.13, specifically subsection B1. And the government argues that per that regulation, one only qualifies for humanitarian asylum if the presumption of a well-founded fear has been demonstrated. You have to meet the qualifications of being a refugee first. Correct. We would argue that you don't have to meet all of the definitions of being a refugee in order to qualify for humanitarian asylum. What case says that? There isn't any case. I don't believe this issue has been directly addressed by this court. There was a court case called Canoogoo v. Holder back in 2015 where this court did in fact address a case where an individual requested humanitarian asylum but had not been able to prove past persecution and the court dismissed it out of hand. But to my knowledge in that case, no arguments were presented to discuss the different contexts in which humanitarian asylum can arise. If you read the regulation and look at the discussion of humanitarian asylum at subsection B1, Roman numeral III, there are two contexts in which humanitarian asylum can be granted. One is certainly concerned with the severity of the past persecution that the individual suffered. But the other is forward-looking and looks at other serious harm that that individual might suffer in the future. The past persecution is the sexual assault and the fear that it would happen again. Is that what you're saying? The Board of Immigration Appeals found there was no past persecution and we did not argue in our brief that there was past persecution. We have advanced the argument of counsel before the Board of Immigration Appeals that humanitarian asylum does not require past persecution. So the particular social group that was offered by the petitioners before the immigration judge and then again before the Board of Immigration Appeals was a rather lengthy and convoluted particular social group and the Board of Immigration Appeals was likely correct in deciding that it was circular. But none of that is before us. Correct. And so that's why I'm just trying to explain that we have not, we are not making an argument that there was past persecution. But doesn't under the eligibility provision in the language of the regulation start off under 12.01 or 12.08.13B, eligibility doesn't in fact make a reference to a person who has past persecution or because she has a well-founded fear of future persecution. And mere criminality, is that sufficient to meet that? Well I think that the Board of Immigration Appeals and more specifically the Attorney General has held recently that mere criminality does not meet the definition of past persecution. That was my thought. And so I'm sitting there saying if we have no past, no demonstration of past persecution, what's our well-founded belief in future persecution if mere criminality doesn't arise to the level sufficient to meet the definition? There isn't, but our argument is that humanitarian asylum is still available to those who could not meet their burden of demonstrating a well-founded fear of future persecution. And where in the regulations would you find that? Specifically in subsection B of that particular regulation, it does at the beginning of this section refer to both past persecution and a well-founded fear of future persecution. Yeah, but if the only persecution, we're talking about a government that is trying to enforce its own criminal laws. There's no evidence of any, all the evidence here is that your clients are fearful of future criminality. And the question is where in the regulations can we kind of expand that humanitarian relief asylum, humanitarian asylum to reach that far? Well, the regulations don't specifically mention that, but I think that the main thrust of our argument, your honor, specifically is that the Board of Immigration Appeals and the immigration judge never really reached these questions when these issues were presented to them by prior counsel. So it should be remanded for consideration of these issues? Absolutely, your honor. With that, I'd like to reserve some time for rebuttal. And so I would thank the, thank your honors. Thank you, Mr. Bogart. Mr. Tucker? May it please the court, Colin Tucker for the Attorney General. The petitioners did not exhaust their argument that they need not show past persecution on account of a in order to qualify for humanitarian asylum. And for this reason, the court should not address it for the first time on petition for review. Consistent with section 1252 D1, this court and the majority of other circuits apply an exhaustion rule that generally treats a failure to raise an issue or argument before the Board of Immigration Appeals as precluding review for the circuit courts of appeal. Now, counsel said that it may not have been powerfully clear that they were doing it, but they actually did get this issue before the BIA. So what's your response to that? If you'll indulge me, your honor, I just want to read very briefly, directly from the brief that was filed with the board. Applicants who suffered past persecution on account of a protected ground, but who no longer have a well-founded fear of persecution on account of a protected ground, remain eligible for asylum, there's a reasonable possibility that they would not suffer other serious harm. Now, I understand that later he does state, even if the board does not find a nexus to a protected ground, that that argument is consistent with the argument raised in the opening brief, which is that the absence of a nexus to a protected ground with respect to the other serious harm, that the other serious harm, it can't be read consistently with the statement I just read to you, which is that the protected ground is a prerequisite for humanitarian asylum. One of the things that just appears to me is that the argument's being raised that it was, the issue was raised rather obliquely, and that that's sufficient to exhaust. And it seems to me that what we're really doing at that point is conflating the idea that an argument may be advanced that's sufficient to preserve an issue, but not necessarily sufficiently raised to exhaust the issue, right? Don't you have some evidence going forward with the evidence presenting some argumentation and putting it squarely before the ultimate decision maker in order to exhaust? Well, Your Honor, I think that at the very least, the decision maker needs to use rationale in his decision that demonstrates that the, that they were aware of the issues and responding to the specific arguments that were raised. Well, I get that. You know, and if they do that, then obviously there's been some exhaustion. But you know, it is conceivable that you could, in fact, brief the issue, raise it sufficiently, and it's just completely ignored, right? And so you could have attempted to exhaust, wasn't exhausted, you know, it was just ignored, right? And that, and I think that that might still survive from a jurisdictional standpoint. But if you just have some glancing reference to it and you just never framed the issue, how does it survive? I mean, and I know your position is it doesn't, but you know, I mean. I don't think I can say it better than that, Your Honor. The point is that it doesn't survive. The board as the administrative agency, particularly the administrative agency that's responsible for applying these specific regulations, it needs to be on notice of the specific issues and arguments. And where it's not, again, it would be improper for the court to address them in the first instance. I want to hit quickly on the merits as well. Of course, Section 1208.13, B1, Roman numeral 1, makes it clear that humanitarian asylum is available only to applicants who are described in that, only to refugees on the basis of past persecution. The statute itself defines refugees as those who are unwilling or unable to return due to past persecution or a well-founded fear of persecution on account of a protected ground. You have the nexus to a protected ground specifically incorporated into the regulation. There is no room for applicants who have not been persecuted on account of a protected ground to be granted humanitarian asylum. To do so would be to grant asylum to persons who do not qualify as refugees, which is not at all what either the statute or the Attorney General through the regulations envisioned. To put it bluntly, I think the government's argument is frankly easier to follow in the briefs than it is in this context. So if there are no further questions, I'm willing to concede the remainder of my time. In conclusion, the Court should dismiss or, in the alternative, deny. Thank you. Mr. Bogart, your rebuttal. Just briefly, Your Honor. Again, we'd just like to emphasize that we don't believe the Board adequately analyzed the petitioner's potential eligibility for humanitarian asylum would ask that it be remanded to the Board for further analysis. Thank you. Thank you, Mr. Bogart. Thank you also, Mr. Tucker. We will wrestle with the jurisdiction and the merits of the matter and render a decision in due course.